| UNITED STATES DISTRICT COURT | District Massachusetts | |
|---|---|---|
| Name of Movant<br>Shawn Lamont Garner | Prisoner No.<br>23340-038 | Case No. |
| Place of Confinement<br>Federal Correctional Institute-Oakdale | | |

UNITED STATES OF AMERICA    04-v.12636 PBS Shawn Lamont Garner

(name under which convicted)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

~~MAGISTRATE JUDGE~~

# MOTION

1. Name and location of court which entered the judgment of conviction under attack: John Joseph Moakley Courthouse, One Courthouse Way; Boston, Mass.

2. Date of judgment of conviction  December 18, 2001

3. Length of sentence  Two hundred seventy (270) months

4. Nature of offense involved (all counts  Title 18 § 922 (g)(1) Felon in Poss. of Firearm or Ammunition; Title 18 § 924 (c)(1)(A)(i) Posss. of a Firearm in Furtherance of a Drug Crime; Title 21 § 841 (a)(1)(b)(1)(A)(iii) Poss. of a Controlled Substance W/ Intent to Distribute

5. What was you plea? (Check one)
   (a) Not guilty          x
   (b) Guilty              __
   (c) Nolo Contendere     __

   If you entered a guilty plea to one count or indictment, and not guilty to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          x
   (b) Judge only    __

7. Did you testify at the trial?
   Yes___   No **x**

8. Did you appeal from the judgement of conviction?
   Yes **x**   No___

9. If you did appeal, answer the following:

   (a) Name of court **First Circuit Court of Appeals**

   (b) Result   **Affirmed**

   (c) Date of result **August 4, 2003**

10. Other than a direct appeal form the judgment of conviction and sentence, have you previously filed any petitions, applications or motion with respect to this judgment in may federal court?

    Yes **x**   No___

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court **United States Supreme Court**

    (2) Nature of proceeding  **Writ of Certiorari**

    (3) Grounds raised

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes___   No **x**

    (5) Result **Denied**

    (6) Date of result **December 8, 2003**

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court

      (2) Nature of proceeding

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition or motion?
Yes___  No___

(5) Result_____

(6) Date of result_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.    Yes___  No___
(2) Second petition, etc.   Yes___  No___

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

A. Ground one <u>The petitioner received ineffective assistance of counsel, when counsel failed to cross examine government witness on inconsistent testimony.</u>

Supporting FACTS (state briefly without citing cases or law):

The petitioner asserts that trial counsel, Randolph Gioia, was ineffective when he failed to cross examine Sgt. Det. Daniel Linskey on his inconsistent testimony.

During pretrial stages, the petitioner alleged that Sgt. Det. Daniel Linskey committed a misconduct when he claimed to have recovered a bail receipt bearing the petitioner's name in a cigar box containing guns and drugs, that was found in a common area basement of 98 Woodledge Street, in an effort to connect the petitioner to the guns and drugs.

To support this allegation the petitioner had testimony from Emeliza Sabater, the petitioner's girlfriend, that she had placed the bail receipts in her jewelry box. The jewelry box was located in her bedroom closet and she kept the box locked, with a key that she kept in a cup on her bureau. During the search of the apartment, Linskey recovered the keys to the jewelry box but never turned them over to the evidence officer, Officer Paul Quinn.

After the search, officer Quinn prepared an inventory form listing everything that was found in the search and turned them over to Sgt. Det. Linskey.

On November 2, 2000 a four count indictment issued against the petitioner. After arraingment the petitioner received discovery from AUSA Laplante, which contained the inventory forms. The inventory forms consisted of only two pages at this time. Petitioner was being represented by Tamar Birckhead of the Federal Defenders Office.

Ms. Birckhead withdrew from the petitioner's case and trial counsel, Randolph Gioia, was appointed. Sometime in Aril of 2001 counsel went to the office of AUSA Laplante to view the evidence seized during the search. Sgt. Det. Linskey was present and gave counsel another inventory form, now consisting of three pages. With the last page now indicating bail slips recovered from the cigar box.

After close examination of the three sets of inventory forms petitioner noticed that the paginations of the three forms had been altered. Counsel for the petitioner filed a motion to dismiss for alleged police misconduct. Alleging Sgt. Det. Linskey had placed the bail receipts with the guns and drug and altered the inventory forms to support this finding.

An evidentiary hearing ensued on July 3, 2000 relative to the motion to dismiss for police misconduct. During the hearing Sgt. Linskey was questioned by counsel as to who made the changes to the inventory forms. Sgt. Linskey was asked twice by the court if he knew who made the changes to the inventory forms. Sgt. Linskey satated, both times, he did not know!

At trial, when Sgt. Det. Linskey was questioned by AUSA Laplante about the changes made to the inventory forms. He stated

that he had made the changes to the inventory form and he was sure of this because he recognized his handwriting. Sgt. Linskey was provided adequate opportunity to inspect the questioned inventory forms on both occassions, at the evidentiary hearing and at trial. Sgt. Det. Linskey's audacity to deceive the the court during the evidentiary hearing was clearly a consciousness of guilt, that counsel failed to present to the jury.

B.  Ground two: <u>Petitioner's conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.</u>

Supporting FACTS (state briefly without citing cases or law):

The Petitioner now contends that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the petitioner that Ms. Shnell Swain, the mother of the petitioner's child, was the provider of information to Sgt. Det. Linskey. Ms. Swain took the stand as a defense witness after becoming uncooperative with the investigation.

It is unknown to the petitioner whether Ms. Swain works in the capacity as a confidential informant or was merely a tipster to the police concerning her child involvement in the finding of the two firearms the petitioner has been convicted of.

The petitioner contends that Sgt. Linskey fabricated the information in his search warrant affidavit stating that he received information from a confidential informant that the petitioner was selling drugs out of an apartment on Woodledge St. and that a child who resided in that apartment came out of the house with two firearms.

It was Ms. Swain who had reported to the police that her son had found two guns while visiting his father. Linskey manupulated this information after entering the petitioner's apartment and seizing drugs that were ruled to be in plainview.

Ms. Swain had never told Sgt. Det. Linskey that the petitioner was selling drugs from the apartment .

After Ms. Swain became uncooperative the prosecution chose not to use the informant because they knew Sgt. Det. Linskey had fabricated the use of an informant in the search warrant affidavit. But unknowing to defense counsel Ms. Swain was called as a defense witness and it was the obligation of the prosecution to disclose the the petitioner or the court that Ms. Swain was the provider of information to the police.

C. Ground three: <u>The petitioner's sentence is unconstitutional due to the unconstitutional portion of the Sentencing Guidelines (Sentence Enhancements) being unseverable, rendering the sentencing guidelines unconstitutional.</u>

Supporting FACTS (state briefly without citing cases or law):

The bring forth this claim in light that the United States Supreme Court rule that the recent Supreme Court decision in Blakey v. Washington apllies to the Federal Sentencing Guidelines. If the decision applies to federal guidelines, then whether the unconstitutional portion, sentencing enhancements, are severable from the guidelines as a whole.

The petitioner brings forth a challenge of severability. Many courts are divided on this apect of Blakely, if it should apply to the Federal Sentencing Guidelines.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

    _____

    _____

    _____

    _____

    _____

14. Do you have any petitioner or appeal now pending in any court as to the judgement under attack?

    Yes ___    No _x_

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgement attacked herein:

    (a) At preliminary hearing **Tamar Birckhead   408 Atlantic Ave. 3rd Fl.**

    **Boston, Mass 02210**

    (b) At arraignment and plea **Tamar Birckhead; 408 Atlantic Ave. 3rd Fl.**

    **Boston, Mass. 02210**

    (c) At trial **Randolph Gioia; 24 School St. Suite #400 Boston,**

    **Mass. 02108**

    (d) At sentencing **Randolph Gioia; 24 School Street Suite # 400**

    **Boston, Mass. 02108**

  (e) On appeal **Darla Mondou; P.O. Box 204 Upton, Mass 01568**

  (f) In any post conviction proceedings _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

  Yes **x** No ___

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgement under attack?

  Yes ___ No **x**

  (a) If so, give name and location of court which imposed sentence to be served in the future: _____

  (b) Give date and length of the above sentence: _____

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

    Yes ___ No ___

WHEREFORE, movant prays that this Honorable Court GRANT him all relief to which he may be entitled in this proceeding.

Respectfully submitted,

_____

I, the undersigned, do hereby declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this the ____7th____ day of ____December 2004____.

_____
Signature of Petitioner

CERTIFICATE OF SERVICE

I, **Shawn L. Garner #23340-038** hereby certify that three (3) true and correct copies of the foregoing Motion to Vacate, Set-Aside, or Correct Sentence, under 28 USC § 2255, have been provided to the Clerk of Court for proper distribution to the interested parties at:

**John Joseph Moakley Courthouse**
**One Courthouse Way**
**Boston, Mass. 02210**

_____
Signature of Petitioner